NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2555-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

 v.

RASON LEACH,

 Defendant-Appellant.

_______________________________________

 Submitted May 16, 2017 – Decided June 27, 2017

 Before Judges Vernoia and Moynihan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Atlantic County,
 Indictment No. 09-08-1900.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Dianne Glenn, Designated
 Counsel, on the brief).

 Damon G. Tyner, Atlantic County Prosecutor,
 attorney for respondent (Mario C. Formica,
 Chief Assistant Prosecutor, of counsel and on
 the brief).

PER CURIAM

 On the day defendant's trial was to begin, he agreed to plead

guilty to four counts of the indictment: first-degree robbery,
N.J.S.A. 2C:15-1 (count one); second-degree assault while eluding,

N.J.S.A. 2C:12-1b(6) (count eight); and two counts of second-

degree distribution of a controlled dangerous substance, N.J.S.A.

2C:35-5a(1) and N.J.S.A. 2C:35-5b(2)(counts twelve and fifteen).

The following sentence was to be imposed pursuant to the plea

deal: count one - ten years subject to the No Early Release Act

(NERA), N.J.S.A. 2C:43-7.2; count eight - five years subject to

NERA, concurrent to count one; count twelve - a mandatory extended

term, N.J.S.A. 2C:43-6f, of eight years with four years of parole

ineligibility, consecutive to count one; count fifteen - five

years with two years of parole ineligibility, concurrent to count

one. The court represented if the bargained sentence was not

imposed, defendant would be allowed to withdraw his plea.

 Defendant agreed to the plea terms. During the court's

colloquy with defendant regarding the robbery count, defendant

testified he delivered soap instead of cocaine during an arranged

sale of the drug on July 11, 2007; defendant received $1800 "and

some change" from the buyer. The buyer, unbeknownst to defendant

at the time of the sale, was a detective employed by the Atlantic

County Prosecutor's Office, who was working undercover. The

detective realized he was being duped. Defendant admitted he

threatened the detective with a "strap" — a handgun — in order to

keep the money the detective had paid. The judge asked, "So under

 2 A-2555-15T2
the circumstances, do you agree and admit that you are guilty of

robbery by purposely putting [the buyer] in fear of bodily injury

immediately by threatening the use of a handgun?" Defendant

answered, "Yes."

 Defendant was sentenced on April 16, 2010, in accordance with

the plea agreement. He received an aggregate sentence of eighteen

years in state prison; he was ineligible for parole, under NERA,

for approximately eight and one-half years on count one, and for

four years on count four.

 Defendant's first appeal related only to the sentence imposed

so the matter was heard on our sentencing (ESOA) calendar; we

affirmed the trial court's sentence. See R. 2:9-11. A pro se

petition for post-conviction relief (PCR) was filed on May 6,

2014. The court heard argument on the petition and entered a

November 10, 2015 order, denying the petition without an

evidentiary hearing.

 On appeal, defendant raises the following argument:

 THIS COURT MUST REVERSE THE PCR COURT'S
 NOVEMBER 10, 2015 ORDER, VACATE THE
 DEFENDANT'S CONVICTIONS AND SENTENCE, AND
 REMAND THE CASE BACK TO THE TRIAL COURT FOR A
 NEW TRIAL AS THE TRIAL ATTORNEY PROVIDED
 INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE
 INCORRECTLY ADVISED THE DEFENDANT THAT THE
 BASIS FOR HIS PLEA AGREEMENT WAS SUFFICIENT
 FOR A FIRST-DEGREE ROBBERY CONVICTION.

 3 A-2555-15T2
We disagree and affirm the PCR court's denial of defendant's

petition.

 Since the PCR court did not conduct an evidentiary hearing,

our review of the factual inferences drawn by the court from the

record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App.

Div. 2016) (citations omitted). Likewise, we review de novo the

PCR court's legal conclusions. Ibid.

 In order to establish a case of ineffective assistance of

counsel, defendant must demonstrate a reasonable likelihood of

success under the two-pronged test established by Strickland v.

Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.

2d 674, 698 (1984), and adopted by our Supreme Court in State v.

Fritz, 105 N.J. 42, 58 (1987). A defendant must show: (1) that

counsel was deficient or made egregious errors, so serious that

counsel was not functioning effectively as guaranteed by the Sixth

Amendment of the United States Constitution, and (2) the deficient

performance actually prejudiced the accused's defense.

Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed.

2d at 693; see also Fritz, supra, 105 N.J. at 52.

 In State v. DiFrisco, our Supreme Court held a defendant who

seeks to vacate a guilty plea because of ineffective assistance

of counsel must prove:

 4 A-2555-15T2
 (i) counsel's assistance was not 'within the
 range of competence demanded of attorneys in
 criminal cases' and (ii) 'that there is a
 reasonable probability that, but for counsel's
 errors, [the defendant] would not have pled
 guilty and would have insisted on going to
 trial.'

 [State v. DiFrisco, 137 N.J. 434, 457 (1994)
 (citations omitted) (alteration in original),
 cert. denied, DiFrisco v. New Jersey, 516 U.S.
 1129, 116 S. Ct. 949, 133 L. Ed. 2d 873
 (1996).]

A defendant "must convince the court that a decision to reject the

plea bargain would have been rational under the circumstances."

State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)

(quoting Padilla v. Kentucky, 559 U.S. 356, 372, 130 S. Ct. 1473,

1485, 176 L. Ed. 2d 284, 297 (2010)).

 Defendant initially argues that the factual basis for the

plea to the robbery count was inadequate because "he only admitted

he threatened the police officer after he obtained the money . .

. ." Defendant did not make this argument to the PCR court. In

his brief to the PCR court in support of his petition, defendant

claimed, "[t]here was neither a weapon nor a simulated weapon;

there was only a verbal threat on the part of the defendant." No

mention was made of the timing of the threat. We will not consider

an argument on appeal that defendant did not pose to the PCR court.

State v. Jones, 179 N.J. 377, 404 (2004). Moreover, the adequacy

of the factual basis for the plea should have been raised on direct

 5 A-2555-15T2
appeal, and is barred from consideration here. R. 3:22-4; State

v. Mitchell, 126 N.J. 565, 583-584 (1992).

 Defendant also contends the factual basis for the plea did

not contain an admission that he brandished a handgun or made an

overt gesture that would lead the detective to believe defendant

had a handgun. He claims counsel was ineffective because he

informed defendant "that the police officer's subjective belief

that the defendant had a weapon was enough to sustain a first-

degree robbery." Defendant avers he would not have pleaded guilty

but for this erroneous advice.

 This issue was first raised at sentencing when defense counsel

told the court:

 [T]he problem with this thing is—and I've
 tried to explain it to [defendant] a number
 of times—his contention was he never had a
 gun, although the police officer said he did,
 but he said he never had a gun and he couldn't
 understand how he could be guilty of the
 first-degree robbery, armed robbery, without
 a gun. But I did explain to him it's a—
 basically a subjective test what the . . .
 victim has original belief and believing that
 he is armed or not [sic]. And I think based
 on the facts of this case . . . that was pretty
 evident even from what Mr. Leach said. . . .
 [B]ut he said he never did have a gun.

 As the PCR court noted, counsel was not incorrect. Our

Supreme Court held in State v. Williams, 218 N.J. 576 (2014),

certif. denied, 221 N.J. 566 (2015), a first-degree robbery

 6 A-2555-15T2
conviction will stand if the victim possessed an actual and

reasonable subjective belief, under the totality of the

circumstances, that the perpetrator was armed with a real or

simulated deadly weapon. See also State v. Dekowski, 218 N.J. 596

(2014).

 Defendant's counsel correctly observed that, under the facts

of this case, the detective had a reasonable belief that defendant

was armed with a handgun, a belief validated by defendant's

admission during the plea colloquy that he threatened the detective

with a "strap" in order to retain the money.1

 Accepting, arguendo, defendant's contention that he was not

in possession of a handgun, the totality of the circumstances

justified the detective's reasonable belief that defendant was

armed with a gun during the robbery. The plea transcript reveals

that defendant sold drugs to the detective on two occasions prior

to July 11, 2007. On May 24, 2007 he sold "[a] little over half

ounce" of cocaine for $500; and on June 14, 2007 he sold over one-

half ounce of cocaine for approximately $1300. The detective,

therefore, knew defendant was a distributor of significant

quantities of drugs. Drug dealers often carry guns. State v.

1
 When given the opportunity to address the court at sentencing,
defendant declined. He did not address counsel's comment that,
contrary to defendant's admission during the plea, defendant said
he never had a gun.

 7 A-2555-15T2
Samuels, 189 N.J. 236, 257 (2007) (Albin, J., dissenting). The

threat by defendant, even without an overt gesture suggesting he

was armed, was, therefore, sufficient under these circumstances

to justify a reasonable belief that he was armed with a deadly

weapon.

 Counsel did not err if he advised defendant that, under the

totality of the circumstances, the detective's subjective belief

that defendant was armed was sufficient to establish defendant's

guilt on the robbery charge. Defendant fails to meet the first

prong of the Fritz/Strickland standard.

 Defendant also fails to establish a reasonable probability

that, but for counsel's advice, he would not have pleaded guilty.

Only the detective and defendant were involved in this transaction.

The detective alleged, as defendant admitted during his plea

colloquy, that defendant had a gun, and actually threatened the

detective with it during the theft of the money. If defendant

testified, he faced possible impeachment with nine sanitized

indictable convictions, decreasing the likelihood that any

testimony contrary to the detective's allegations would be

believed. If convicted, he faced both discretionary and mandatory

extended terms. As the PCR judge noted, defendant faced possible

life imprisonment if an extended term was imposed on the first-

degree robbery. We agree with the PCR judge that it is unlikely

 8 A-2555-15T2
defendant would have gone to trial in light of the court's promise

of an aggregate sentence of eighteen years with over twelve years2

of parole ineligibility.

 Affirmed.

2
 The parole ineligibility period would likely have been twelve
and one-half years: eighty five percent of the ten year sentence
for robbery (approximately eight and one-half years) and four
years for distribution.

 9 A-2555-15T2